2. INSURANCE, § 686*—*when question whether accident caused by exposure to unnecessary danger one of fact.* In an action on an accident insurance policy not covering injuries from exposure to unnecessary danger, *held* that under the circumstances the question as to whether there was such an exposure was one of fact.

3. INSURANCE—*when evidence sufficient to justify verdict.* In an action to recover under an accident insurance policy, evidence examined and *held* sufficient to support the verdict.

## Illinois Surety Company, Defendant in Error, v. David L. Frank, Plaintiff in Error.

### Gen. No. 21,460.   (Not to be reported in full.)

Error to the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed April 28, 1916.

### Statement of the Case.

Action by the Illinois Surety Company, a corporation, plaintiff, against David L. Frank, defendant, on two written instruments signed by him, one an application to plaintiff to become surety on a stay bond for a corporation, of which defendant's brother was secretary, containing an agreement of indemnity to the company, and the other a general bond of indemnity to plaintiff against the same contingencies. At the close of the evidence the court directed a verdict for plaintiff for $2,561.81.

The defenses pleaded and attempted to be made were that the instruments were signed by defendant in blank and delivered so signed upon conditions not complied with of which plaintiff had notice before delivery. The conditions claimed were that defendant was not to be liable in excess of $40 (the amount of the premium to

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

be paid by the principal to the stay bond for the surety-ship of plaintiff), and that said principal should deposit certain cash to indemnify plaintiff.

Both defendant and his brother testified to a conversation between themselves had at the time the latter brought the papers to the former for his signature, intimating some purpose on defendant's part to limit his liability. There was no proof that defendant's brother communicated the conversation to plaintiff when he delivered the signed instruments, or at any time.

ADLER & LEDERER, for plaintiff in error.

MOSES, ROSENTHAL & KENNEDY, for defendant in error; JOSEPH W. MOSES and HENRY JACKSON DARBY, of counsel.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. INDEMNITY, § 24*—*when evidence sufficient to support verdict.* In an action on an indemnity bond, evidence examined and *held* to support a verdict for plaintiff.

2. INDEMNITY, § 11*—*when condition not communicated to one to whom bond given not binding on him.* A condition made in a conversation between the signer of an indemnity bond and the person for whom it was signed, limiting the amount for which the signer would be liable, is not binding on the indemnified person where the one on whose behalf the bond was signed was not the agent of the indemnified.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.